**No. 44403.**—Protest 762930–G of Metropolitan Pottery Co. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Butler* v. *United States* (4 Cust. Ct. 120, C. D. 303) the Rockingham-ware in question was held dutiable at 25 percent under paragraph 210 as claimed.

**No. 44404.**—Protests 944910–G, etc., of Polamer Forwarding Co. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

**No. 44405.**—Protests 918884–G (B), etc., of S. S. Krum & Co. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

**No. 44406.**—Protests 916346–G (B), etc., of J. Sammes (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

**No. 44407.**—Protests 914476–G, etc., of Columbia Cheese Co. et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

**No. 44408.**—Protests 912250–G, etc., of Centropol Co. et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.